UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHRUTI SHETTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ATTORNEY GENERAL, *et al.*,<br><br>　　　　　Defendants. | Case No. 17-cv-00925-LB<br><br>**ORDER TO DISMISS THE COMPLAINT WITHOUT PREJUDICE**<br><br>Re: ECF No. 1 |

**OVERVIEW**

Plaintiff Shruti Shetty filed a complaint asserting federal jurisdiction under the False Claims Act (31 U.S.C. §§ 3729–33). (*See* Compl. – ECF No. 1.)[1] She also filed an application to proceed *in forma pauperis* — which the undersigned granted. (ECF No. 5.) The plaintiff generally complains that the defendants stole her intellectual property and identity, fraudulently redirected her investments, unjustly enriched themselves by diverting her royalties without her consent, and physically attacked her to prevent her revealing their fraudulent practices. (Compl.– ECF No. 1 at 2, 20.) The complaint is, however, confusing and ambiguous, and fails to clearly state a claim for relief. Under Rule 8 of the Federal Rules of Civil Procedure, the court dismisses the complaint

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER — No.17-cv-00925-LB

with leave to amend.

## ANALYSIS

**1. *Sua sponte* screening — 28 U.S.C. § 1915(e)(2)**

The court recently granted the plaintiffs leave to proceed *in forma pauperis*. (ECF No. 6.) A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing the United States Marshal to serve the complaint pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. However, Rule 9(b) applies a heightened pleading standard when a plaintiff "alleges fraud or mistake"; "a party must then state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). Given that the False Claims Act is an anti-fraud statute, "complaints brought under the False Claims Act must fulfill the requirements of Rule 9(b)." *United States ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1051 (9th Cir. 2001); *Bly-Magee v. State of California,* 236 F.3d 1014, 1018 (9th Cir. 2001). Claims under the False Claims Act must meet the specificity requirement "so that each defendant knows of the particular misconduct alleged to constitute fraud, thus enabling him to mount a defense." *Bly-Magee,* 236 F.3d at 1018.

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily

1   limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980

2   (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable

3   inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins.*

4   *Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff]

5   can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State*

6   *Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true

7   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

8   inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

### 2. The complaint does not adequately state a claim

The plaintiff has filed her complaint under the "False Claims Act," but fails to plead with sufficient "particularity of the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) Indeed, the complaint is insufficient for several reasons.

First, in a False Claims Act case, the plaintiff must file the suit in the name of the government. 31 U.S.C § 3730(b)(1). A False Claims Act suit enables a plaintiff, as a relator, to sue on behalf of the government to impose liability on citizens or corporations who defraud the government. 31 U.S.C § 3730(b). In this case, the plaintiff sues under the False Claims Act, but she has sued in her own name only, without listing the government as a plaintiff; in fact, she listed "USA Gov[ernment]" as a defendant. (*See* Compl. – ECF No. 1. at 1.) For this reason, plaintiff's suit is deficient under the False Claims Act. Should the plaintiff choose to refile a False Claims Act claim, she must (among other things) sue in the government's name, serve notice upon the United States Attorney General, and otherwise comply with the procedural requirements of the False Claims Act. (Because, in this case, the plaintiff is suing the government itself, the court thinks it likely that she may have misunderstood the nature and proper target of a False Claims Act suit.

ORDER — No.17-cv-00925-LB

1   She is encouraged to either research this more thoroughly or retain counsel.)

2   Second, the complaint fails to meet the particularity demands of Rule 9(b). Under Rule 9(b), "although the plaintiff is not required to allege, in detail, all facts supporting each and every instance of fraud over multiple years, she is required to give the defendants notice of their particular misconduct so that they are able to defend against the specific charge." *SmithKline Beecham,* 245 F.3d at 1051. The present complaint falls well short of this standard. It is unclear what claims the plaintiff asserts against each of the named defendants. The plaintiff generally states that the defendants stole her intellectual property and identity, and capitalized on this by submitting false claims to the government, but she fails to identify for what alleged fraud each defendant is responsible and provides no detail showing the fraud. For example, the complaint names the plaintiff's distant relatives (Suresh Bhandary, Aruna Bhandary and Shraddha Shetty) as defendants who allegedly physically assaulted her, but fails to specify whether and how those defendants committed or aided in activities to defraud the government. Although she is apparently trying to allege False Claims Act claim against all defendants, she never states with sufficient clarity the misconduct that each defendant allegedly performed that is supposed to constitute the fraud. *See Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir. 1993) As a result, the defendants cannot know — to any degree — with what "particular misconduct" they are charged so that they can "defend against the specific allegation" *See SmithKline Beecham,* 245 F.3d at 1051. The complaint merely provides conclusory allegations of fraud, riding over a sprawling narrative of wrongdoing, and all of it insufficient to satisfy the stricter particularity standard of Rule 9(b).

Third, the complaint is long and detailed, but it is not a model of clarity. The petition does not clearly express the plaintiff's claims and the facts giving rise to those claims. "A pleading that states a claim for relief must contain . . . a short and plain statement showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Directness and clarity are mandatory: "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[A] complaint must give fair notice" of the alleged wrong "and state the elements of the claim plainly and succinctly." *Pickard v. WMC Mortgage Corp.*, 2009 WL 3416134, *3 (E.D. Cal. Oct. 21, 2009) (citing *Jones v. Cmty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984)). The Ninth Circuit has explained:

"Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne,* 84 F.3d at 1179 (9th Cir. 1996).

The complaint in this case is tediously long; the plaintiff makes many factual allegations regarding the defendants' activities in bribing people to stalk her, criminally extorting, assaulting, and torturing her, maligning her reputation, and impersonating her identity to redirect her investments. These allegations appear to relate to other claims that are irrelevant to the False Claims Act charge of fraud upon the government. As for other misconduct that the plaintiff may be alleging — other, that is, than the False Claims Act material — she again says far too much, and in her excessive verbiage becomes fatally incomprehensible. From a slightly different perspective, she also fails to plainly and clearly tie facts to whatever specific claims she intends to make (again, beyond the False Claims Act).

Fourth, the complaint demands damages of $ 1 trillion, which is far beyond the statutory limit. Under 31 U.S.C. §3729(a)(1)(G), civil penalties range from "not less than $5,000 [to] not more than $10,000" and treble actual damages. The complaint does not identify any legitimate legal basis for or provide evidence to support its huge damages claim.

Nevertheless, despite these deficiencies, the court cannot say that amending the complaint would be futile. Once she better understands her pleading obligations, the plaintiff may be able to state a viable claim for relief. The court will accordingly dismiss the complaint with leave to amend.[2]

\* \* \*

The plaintiff also filed a motion for a restraining order, protective order, and sealing order. (Motion – ECF No. 10.) The court denies the motion for a restraining order and a protective order as moot. The court denies the sealing motion because it does not comply with Civil L. Rule 79-5. Bare reference to a need for a protective order is not a sufficient ground to seal under Civil Local

---

[2] The plaintiff has also filed a handwritten letter. (ECF No. 7.) The court has read the letter and, consistent with the liberality afforded *pro se* litigants, has considered it in this § 1915 inquiry.

ORDER — No.17-cv-00925-LB

Rule 79-5(d)(1)(A). Instead, a party must file a declaration establishing that portions are sealable. *Id.* The explanations need not be lengthy but they must more specifically describe why the documents meet the governing standards for sealing. *See generally* Civil L.R. 79-5; *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). A request "must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). It is not always appropriate to seal whole documents. A party must file both a redacted version of the target documents (*i.e.*, the version that will appear in the public record) and an unredacted version that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version . . . ." Civil L.R. 79-5(d).

The plaintiff also filed a motion for permission to e-file. (Motion – ECF No. 9.) The court denies the motion without prejudice to the plaintiff's reasserting the request after stating a viable claim.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The court denies the motions at ECF Nos. 9 and 10 without prejudice.

The amended complaint must be filed no later than Friday, April 14, 2017. Failure to file the amended complaint by the deadline will result in the action being dismissed without prejudice.

The court will issue a separate notice about resources available to parties representing themselves.

**IT IS SO ORDERED.**

Dated: March 20, 2017

_____
LAUREL BEELER
United States Magistrate Judge

ORDER — No.17-cv-00925-LB