United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHRUTI SHETTY,<br><br>    Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL, et al.,<br><br>    Defendants. | Case No. 17-cv-00925-LB<br><br>**ORDER DISMISSING CASE**<br>Re: ECF No. 17 |

Shruti Shetty sued the defendants and generally alleged that they stole her intellectual property and identity, fraudulently redirected her investments, unjustly enriched themselves by diverting her royalties without her consent, and physically attacked her to prevent her from revealing their fraudulent practices.[1] Ms. Shetty also filed an application to proceed *in forma pauperis*.[2] The court reviewed the complaint under 28 U.S.C.§ 1915(e), and dismissed it for failure to state a claim for relief.[3] The court gave Ms. Shetty over three weeks to file an amended complaint (the deadline was April 14, 2017), and warned her that failure to file the amended complaint by that deadline

---

[1] Compl. – ECF No. 1 at 2, 20.
[2] ECF No. 3.
[3] Order – ECF No. 12.

ORDER — No. 17-cv-00925-LB

would result in the action being dismissed without prejudice.[4] Ms. Shetty did not file an amended complaint.[5]

She instead filed a motion to "uphold order" and to "associate case."[6] The court denied that motion because it did not comply with the court's local rules and the court could not surmise the nature of Ms. Shetty's request to "uphold order."[7] The court gave Ms. Shetty an additional two weeks from the date of that order (to May 8, 2017) to file an amended complaint.[8] But, again, she did not.[9]

Ms. Shetty instead filed yet another motion.[10] In that motion, she asks the court to grant at least twelve forms of relief, including: "to not dismiss case," "to move court case due to courts incapacity and lack of IP skill," "to uphold graceful acceptance to out of court settlement," to bring to notice false prisoner swap sanction/kidnap," "for admonishment for serving blackmail and torture," "for explanation of past rudeness and further attempt to explanation for why PACER access is critical," "to compensate for false court actions," "to at the courts expense sanction complete medical reimbursement and best medical services," to "null and void any past trial settlement," "to arrest orders against defendants," "to close public or jury access permanently," and "for expedited hearing for deadline in our of court settlement."[11]

Ms. Shetty filed this same motion — which consists of twenty-seven pages of unintelligible single-spaced paragraphs — in four other cases.[12] Three of those courts have already denied Ms. Shetty's motion and dismissed her complaint.[13] For example, Judge Gilliam denied Ms. Shetty's

---

[4] *Id.* at 6.

[5] *See generally* Docket.

[6] ECF No. 13.

[7] Order – ECF No. 14.

[8] *Id.* at 2.

[9] *See generally* Docket.

[10] Motion – ECF No. 17.

[11] *See id.* at 1–3.

[12] *See* Case Nos. 4:16-cv-06012-HSG, 4:17-cv-00589-SBA, 4:17-cv-00928-JSW, and 4:17-cv-00933-PJH.

[13] *See* Case Nos. 4:16-cv-06012-HSG, 4:17-cv-00589-SBA, 4:17-cv-00933-PJH.

ORDER — No. 17-cv-00925-LB            2

motion and dismissed the case without leave to amend because Ms. Shetty did not file an amended complaint despite the opportunity to do so.[14] Judge Armstrong similarly denied Ms. Shetty's motion after warning that the court would not "entertain any other motion or request until an amended complaint is on file."[15] And Judge Hamilton denied the motion "as incomprehensible."[16] (The court notes that cases 4:17-cv-00589-SBA and 4:17-cv-00933-PJH had already been dismissed, and the courts there denied the motion in part because Ms. Shetty did not satisfy the requirements for a motion for reconsideration. Both courts later denied Ms. Shetty's subsequent motion for reconsideration.)

The court here denies the motion, too. The motion is incomprehensible and does not address the court's orders regarding amendment of the complaint. The court dismisses the case for failure to prosecute.

A court may dismiss an action based on a party's failure to prosecute. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)

---

[14] Case No. 4:16-cv-06012-HSG, ECF No. 24.

[15] Case No. 4:17-cv-00589-SBA, ECF No. 21.

[16] Case No. 4:17-cv-00933-PJH, ECF No. 14.

ORDER — No. 17-cv-00925-LB    3

(citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987); *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Ms. Shetty has not filed an amended complaint, even though it is past the court's deadline for doing so. After dismissing her complaint under 28 U.S.C. § 1915(e), the court gave Ms. Shetty over three weeks to amend (until April 14, 2017) and warned her that failure to file an amended complaint by that deadline would result in the action being dismissed without prejudice.[17] She did not amend and instead filed a motion to "uphold order" and to "associate case."[18] The court denied that motion, extended the deadline for amendment by an additional two weeks, and again warned that if she did not amend her complaint the court would dismiss the action without prejudice.[19] She again did not, and instead filed the pending motion.[20]

This is not "expeditious litigation," and the court must keep the cases on its docket moving. There is also no risk of prejudice to the defendants. Finally, the court already tried to move this case along by issuing an order under 28 U.S.C. § 1915 that explained to Ms. Shetty the deficiencies in her complaint, and twice gave her leave to file an amended complaint that corrects those deficiencies.[21]

In sum, notwithstanding the public policy favoring the disposition of actions on their merits, four of the five relevant factors weigh in favor of dismissal. The court accordingly dismisses without prejudice Ms. Shetty's action for failure to prosecute. The court directs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

Dated: May 31, 2017

_____
LAUREL BEELER
United States Magistrate Judge

---

[17] Order – ECF No. 12 at 6.
[18] ECF No. 13.
[19] Order – ECF No. 14 at 2.
[20] Motion – ECF No. 17.
[21] *See* ECF Nos. 12, 14.